UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRENCE FINCHER, | |
| Petitioner, | |
| v. | CAUSE NO. 3:20-CV-222-DRL-MGG |
| WARDEN, | |
| Respondent. | |

OPINION & ORDER

Terrence Fincher, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-19-12-83) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of trafficking in violation of Indiana Department of Correction Offense 113. Following a disciplinary hearing, he was sanctioned with a loss of 120 days earned credit time and a demotion in credit class.

Mr. Fincher argues that he is entitled to habeas relief because the hearing officer had insufficient evidence to support a finding of guilt. He states that correctional staff never recovered the trafficked objects or charged any other individuals with trafficking. He also questions the video recording summary, which stated that Mr. Fincher both threw an object over a facility wall that was retrieved by two unidentified individuals and that he received a package that was thrown over the wall by these individuals.

> T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although

> some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy defines the offense of trafficking as "[g]iving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person; or receiving, buying, trading, or transferring; or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee." The administrative record includes a conduct report and a video recording summary stating that Mr. Fincher threw an object over a facility wall that was retrieved by two unidentified individuals; that he received a package that was thrown over the wall by these individuals; and that he gave the package to another inmate, and the video recordings are consistent with these documents. This evidence demonstrates that Mr. Fincher exchanged unauthorized objects with two unidentified individuals and transferred one unauthorized object to another inmate and thus constitutes some evidence of trafficking. Therefore, the claim that the hearing officer had insufficient evidence to find him guilty is not a basis for habeas relief.

Mr. Fincher argues that he is entitled to habeas relief because he did not receive a fair classification hearing, which resulted in ninety days of restrictive housing. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). This argument does not relate to the fact or duration of Mr. Fincher's incarceration, so the court cannot grant him habeas relief on this basis.

Because Mr. Fincher has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Mr. Fincher wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Terrence Fincher leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

September 18, 2020  *s/ Damon R. Leichty*
Judge, United States District Court